Alexander Elson, Defendant in Error, v. William H. Leeper, Plaintiff in Error.

### Kansas City Court of Appeals, February 6, 1888.

Practice—Report of Referee—Case Adjudged.—The court, upon consideration of the evidence (set out briefly in the opinion), approves the action of the referee and of the circuit court, and refuses to indulge in a supposition involving the committal of a gross error by the referee, when there was no evidence to support the claim of imputed error, except a mere matter of inference.

Error to Putnam Circuit Court, Hon. Andrew Ellison, Judge.

*Affirmed.*

The case is stated in the opinion.

A. W. Mullins, for plaintiff in error.

I.   The referee found and so reported that 130,748 brick were furnished by the firm of Elson & Leeper to the firm of Elson, Wagner & Ager, and used in the construction of the Marshall building and the school building, for which nothing was paid. But the referee made no finding as to whether or not Leeper should be allowed anything for his half interest in said brick. And this omission was not corrected by the court. As the judgment would conclude Leeper if it is permitted to stand, it is in this respect erroneous. *Ely v. Ownby,* 59 Mo. 437 ; Freeman on Judgments, sec. 286.

II.   This being a suit to settle the affairs of a partnership, it is, therefore, an equitable proceeding and open to review here upon a consideration of the evidence as well as the law in the case. *Holt v. Simmons,* 16 Mo. App. 97. The finding, therefore, of the referee in favor of the plaintiff for one thousand dollars, as for that amount of capital stock invested by him, may be re-

viewed by this court. *Holt v. Simmons, supra.* Even if the plaintiff did advance as much as one thousand dollars for the partnership in carrying on their business, before he received anything on account of the sale of brick, he got back all that money and retained it. He was not, consequently, entitled to the credit of one thousand dollars allowed him by the referee. Such allowance gave him credit twice by that amount. And that he had received back all the money he advanced for the firm plainly, and beyond all question, I think, appears upon the face of the referee's report.

III. The court erred in its action and ruling on the defendant's exceptions to the referee's report. The credit of fifty-two dollars, given the defendant by the court, and the referee's report to that extent modified, did not reach any error stated and set forth in the defendant's exceptions. In fact, that change made the findings still more inconsistent and contradictory than before such change was made.

IV. The pleadings state, and both plaintiff and defendant testified, that the plaintiff was the business manager and financier of the firm. The referee finds that the plaintiff received for brick sold, $6,376.10 (not counting anything for 130,748 extra brick used in the bank and school buildings), and that he, also, took some personal property of the firm at one hundred dollars, thus charging him with $6,476.10, and that he paid out in all the sum of $5,516.61, leaving a balance in his hands of $959.49. And the referee finds as to Leeper that he drew out of the firm $748.44, but that he furnished wood and did extra work to the amount of $377.40, leaving charged against Leeper $371.04 (the referee stated it was $319.04). Thus there is shown to be by the report itself—rejecting the arbitrary and unwarranted credit of one thousand dollars—in the hands of Elson $588.45 due the firm; yet the judgment was in his favor for $87.26½. The plaintiff's petition alleged that the plaintiff furnished all the money that was used in carrying on the business; "that during the existence of said

partnership the plaintiff acted as the business manager of said firm, and as such received for the sale of brick the sum of $5,757.02 ; that he paid out on the debts and expenses of said firm the sum of $5,023.68." * * * and "that the defendant drew out of the partnership funds the sum of $706.68." This was the whole statement for cause of action. There was no one thousand dollars capital invested in the controversy. But the proofs showed, and the referee found, that the plaintiff had received for brick sold $6,376.10, being the sum of $619.08 more than he admitted in his petition. Then, if Elson be credited by all he claimed in his petition, and allow Leeper nothing for extra work or for wood furnished, the plaintiff would still be indebted to the firm in the sum of $645.74.

John W. Henry and F. K. Porter, for the defendant in error.

I. The court will find that, as to the manner of determining the number of brick with which Elson is to be charged, on account of those two buildings, there was a conflict of evidence, but that the preponderance warranted the referee's findings, viz : (1) That the bricks were to be charged for by the estimate of quantity, and not by mason measure. (2) It is insisted by plaintiff in error that the referee made no finding as to the rights of the parties, with respect to the 130,748 bricks, the number of bricks by mason measure in the two buildings, in excess of the estimated number. In this contention counsel is in error. It is clear that the claim of defendant was rejected by the referee. The evidence and conclusion with regard to that claim are stated in the referee's report, and the conclusion expressly denies defendant's claim. (3) It is urged that the referee erred in allowing Elson one thousand dollars, the amount of capital paid into the concern by him.

II. His testimony, and it is uncontradicted, is, that he paid that amount into the partnership ; and his statement, that he had been paid for the use of that money, is

distorted by counsel into an admission that that money, one thousand dollars, had been returned to him. In his brief, counsel for defendant treat it as money expended for the firm by Elson. I apprehend that no bookkeeper, in a statement of a partnership business, would include capital paid by the members of the firm in his account of money expended for the firm. The defendant, Leeper, was credited by the referee with all that he had paid into the firm ; and that, as well as the one thousand dollars paid in by Elson, was used in the business of the firm.

III. In settling up a partnership business, each partner should have credit for the amount of his capital paid in.

IV. The referee's findings were fully authorized by the evidence in the cause, and the judgment of the circuit court should be affirmed.

ELLISON, J.—Plaintiff and defendant were partners in the manufacture and sale of brick. This suit is for an accounting between them. A referee was appointed by the court. He made three reports, two were set aside, and the third, after a correction made by the court, was approved and judgment entered for plaintiff. Defendant sues out his writ of error. There are but two complaints made by the plaintiff in error. One is, that 130,748 brick used by plaintiff were not considered by the referee, and defendant was allowed nothing therefor. The other is that the referee allowed plaintiff a credit of one thousand dollars twice, when it should have been allowed but once.

It appears that plaintiff was a member of a distinct firm from the present one, and that such firm was engaged in building houses under the style of Elson, Wagner & Ager. The latter firm bought brick of the present one, the plaintiff contending that they were bought by estimate and the defendant by mason's measure. It is these different modes of arriving at the quantity of brick sold that causes the first complaint

here. An examination of the evidence tends strongly to show the brick were contracted and sold by "the estimate," and that the bargain or contract was made in defendant's presence. There was also evidence tending to show that the sale was by mason's measure, but our judgment is, the referee and court properly determined the matter.

The next complaint is as to the alleged double credit for the item of one thousand dollars. On the face of the referee's reports this credit appears only once as for original capital put into the firm by plaintiff. But the defendant contends that the same item went to make up the sum of $5,516.61, for which plaintiff was credited as for money laid out by him for the firm. We fail to find any evidence in support of this contention. It should not be supposed, as a mere matter of inference, that the referee would commit so gross an error. Before we can indulge in such a supposition we must have some evidence of the matter. The fact that plaintiff testified he had been paid for the use of his money has no tendency to support the idea that he had been paid the money itself. The credit of $5,516.61 was for money expended by the plaintiff for the firm and we are not able to say, as asked by defendant, that such credit included the one thousand dollars afterwards allowed for capital paid into the firm.

The judgment is affirmed. All concur.